UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03072-JLS-MAR                                      Date: May 26, 2022
Title:  Adan Ordonez v. Red Hill Lava Products, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 6, 2022, Plaintiff Adan Ordonez filed a Complaint in this Court asserting diversity jurisdiction.  (Compl. ¶ 7, Doc. 1.)

No party has raised a jurisdictional objection, however, "[f]ederal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  As the party invoking federal jurisdiction, Plaintiff has the burden of establishing the existence of subject matter jurisdiction.  *See Kokkonen*, 511 U.S at 377.  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Upon careful review of the Complaint, and for the reasons stated below, the Court concludes that its subject matter jurisdiction has not been established.

In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03072-JLS-MAR                                                         Date: May 26, 2022
Title:  Adan Ordonez v. Red Hill Lava Products, Inc. et al

State . . . where it has its principal place of business[.]" *Id.* § 1332(c)(1).  Here, Plaintiff alleges that "Defendant Red Lava maintains its principal place of business at 8002 31st Street West, Rock Island, Illinois," that Defendant "BNSF maintains its principal place of business at 2650 Lou Menk Drive, Forth Worth, Texas," and that Defendant BTU "maintains its principal place of business at 115 Cimarron, Raton, New Mexico." (Complaint ¶¶ 3-5, Doc. 1.)  Plaintiff does not allege where the defendant corporations are incorporated.

Further, in order to be a citizen of a state within the meaning of the diversity statute, an individual must be domiciled there; showing residency is insufficient. *Pentz v. Kimco Realty Corp.*, 2011 WL 13227863, at *2 (C.D. Cal. Apr. 21, 2011) (Staton, J.) Plaintiff contends only that "Plaintiff is an adult individual currently residing . . . in Covina, California."  (*Id.* ¶ 2.)

Accordingly, Plaintiff is ORDERED to show cause, in writing (no longer than five (5) pages), **within five (5) days of the date of this Order**, why the Court should not dismiss this action without prejudice for lack of subject matter jurisdiction.  Failure to timely respond will result in the immediate dismissal of the case.

Initials of Deputy Clerk: droj